**PRECISION DEVICES CORPORATION, an Illinois corporation, Rodney Lacy and Virginia Lacy, Plaintiffs,**

**v.**

**INTERMEDICS, INC., a Texas corporation, et al., Defendants.**

**No. 81 C 1455.**

United States District Court, N.D. Illinois, E.D.

July 1, 1991.

John J. Piccione, Patrick C. Keeley, Mark W. Tader, Piccione, Keeley & Associates, Ltd., Wheaton, Ill., for plaintiffs.

Jerold S. Solovy, Gail A. Niemann, Conor D. McAuliffe, Jenner & Block, Chicago, Ill., for defendant Pharmacia Ophthalmics.

D. Daniel Barr, John J. Verscaj, Randy J. Curato, Bell, Boyd & Lloyd, Chicago, Ill., for defendant Intermedics, Inc.

## ORDER

BUA, District Judge.

This order concerns plaintiff's and defendants' objections to the report and recommendation submitted by the magistrate judge on March 28, 1991. For the reasons stated herein, the court adopts the report and recommendation in its entirety.

## FACTS

This litigation presents a dispute over the interpretation of a sales representative agreement. In the 1970s, plaintiff Precision Devices Corporation ("PDC") entered into a sales agreement with defendants Intermedics, Inc. ("Intermedics") and Intermedics Intraocular, Inc. ("Intraocular"). Both defendants are manufacturers of medical equipment. Intermedics manufactures pacemakers and related equipment. Intraocular, a subsidiary of Intermedics, manufactures intraocular lenses used in cataract surgery.

Defendants authorized PDC to act as their sales representative in several states, including Illinois and Wisconsin. PDC conducted sales in Wisconsin through a sub-representative named Donald Martiny. For sales made by Martiny, PDC retained approximately 25% of the commissions and paid the rest to Martiny.

In 1977, the parties began discussions over the renewal of the sales agreement. During this time frame, Martiny approached Intermedics and offered to become its direct sales representative. PDC took this offer as a threat to its relationship with Intermedics, and expressed its desire to replace Martiny as the sales agent in Wisconsin. Fearing that sales would be disrupted if Martiny was terminated, Intermedics urged PDC to retain Martiny. But PDC was no longer interested in working with Martiny. Intermedics proposed a solution. Intermedics offered to pay regular sales commissions to PDC in return for PDC's agreement to waive any claim to Wisconsin as a sales territory. PDC would continue to receive the same commissions it had previously been earning, even though Martiny would become defendants' exclusive sales representative in Wisconsin. PDC agreed to these terms in a contract executed on July 14, 1977 (hereinafter referred to as the "Wisconsin Agreement"). The contract contains the following operative language:

> Effective immediately, [Intermedics] and [Intraocular] will pay directly to [PDC], its assignee or successors in interest, five and one-quarter percent—5.25%, of gross sales as a commission override for all sales in the state of Wisconsin of all products of [Intermedics], [Intraocular], (5%) their affiliates, subsidiaries and successors that exist now or may be created in the future.

Wisconsin Agreement, ¶ 1. After this agreement was executed, PDC continued to receive commissions on sales of pacemakers and intraocular lenses.

PDC received commissions until 1981, when defendants stopped paying commissions altogether. Defendants failure to abide by the terms of the Wisconsin Agreement prompted PDC to take legal action. By way of a consent decree entered in 1984, the parties temporarily resolved their contractual dispute.

Each defendant subsequently experienced a change in corporate ownership. In 1986, Intraocular was acquired by Pharmacia AB, a Swedish corporation. Pharmacia AB (through its American holding company, Pharmacia, Inc.) incorporated Pharmacia Ophthalmics ("Ophthalmics") to take over the business of Intraocular. Ophthalmics assumed Intraocular's liability for commissions to PDC.

In 1988, Intermedics was acquired by Sulzer Brothers, Inc., a subsidiary of Sulzer Brothers Limited. Sulzer Brothers Limited is a Swiss company that manufactures various industrial products. Intermedics became a subsidiary of Sulzer Brothers, Inc., though it continued to operate under the name of Intermedics.

With the acquisitions of Intermedics and Intraocular, new products were introduced into the Wisconsin market. And PDC wanted a piece of the pie. Claiming that defendants were not satisfying their obligations under the Wisconsin Agreement

and the consent decree, PDC filed a motion for an accounting and for enforcement of the consent decree. PDC claims that it is entitled to commissions not only for the continued sales of pacemakers and lenses, but also for any new products that are manufactured by defendants and their parent companies. Specifically, PDC demands commissions for sales of a new product (known as "Healon") that is used in connection with intraocular lenses. (Ophthalmics had begun marketing this product in 1987.) PDC also lays claim to commissions for all products sold by Ophthalmics' parent companies (Pharmacia AB and Pharmacia, Inc.) and Intermedics' parent companies (Sulzer Brothers, Inc. and Sulzer Brothers Limited).

PDC moved for summary judgment in its favor. The court referred that motion to Magistrate Judge Joan H. Lefkow. In a report and recommendation dated June 18, 1990, Magistrate Judge Lefkow recommended that the court deny PDC's motion for summary judgment. The court adopted the report and recommendation on September 6, 1990. PDC filed a motion to reconsider. Two weeks later, defendants filed a joint motion for summary judgment. The court referred both motions to Magistrate Judge Lefkow. The magistrate judge issued her report on March 28, 1991, recommending that PDC's motion to reconsider be granted in part and denied in part, and that defendant's motion for summary judgment be granted in part and denied in part. With respect to PDC's claim that the Wisconsin Agreement covers all products sold by defendants (and not simply pacemakers and lenses), the magistrate recommended that the court grant PDC's motion to reconsider. The magistrate judge recommended denying defendants' motion for summary judgment on this issue. In regard to PDC's remaining claim—*i.e.*, that it is entitled to commissions for products sold by the parent companies of defendants—the magistrate judge recommended that the court deny PDC's motion to reconsider and grant defendants' motion for summary judgment.

PDC, Intermedics, and Ophthalmics have each filed objections to the magistrate judge's report and recommendation.

## DISCUSSION

### I. PDC's Objections

In support of its claim for additional commissions, PDC relies heavily on the language of the Wisconsin Agreement, which states that PDC is entitled to commissions on "all products" of defendants, "their affiliates, subsidiaries and successors that exist now or may be created in the future." Wisconsin Agreement, ¶ 1. PDC argues that Sulzer Brothers, Inc. and Sulzer Brothers Limited are "affiliates" of Intermedics and, for this reason, Intermedics is liable for commissions on their products. As for its claim against Ophthalmics, PDC contends that Pharmacia AB and Pharmacia, Inc. are also affiliates within the meaning of the Wisconsin Agreement.

The magistrate judge rejected PDC's interpretation of the Wisconsin Agreement, finding that the parties never intended the agreement to govern the type of claims made by PDC here. The magistrate judge gleaned the intent of the parties from the facts and circumstances surrounding their contractual relationship, as reflected in the sales representative agreements, the Wisconsin Agreement, and the consent decree.

█ PDC's first two objections relate to the use of extrinsic evidence for purposes of determining the legal effect of the Wisconsin Agreement. PDC takes the position that it is error for the court to consider anything other than the plain meaning of the contract itself. However, this is the same argument PDC raised previously. PDC has not provided any new legal or factual matters which require reconsideration of the court's prior order. When, as in this case, the language of the contract is capable of more than one meaning in light of the surrounding circumstances, it is not improper to consider such circumstances as an aid in interpretation. *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 731 (Tex.1981).[1]

1. The parties are in agreement that Texas law  governs this dispute.

Accordingly, PDC's first two objections are overruled.

PDC's remaining objections go to the magistrate judge's interpretation of the Wisconsin Agreement. Along this line, PDC argues that the language of the Wisconsin Agreement is broad enough to encompass its claims for commissions on products sold by the parent companies of defendants. Again, PDC does not provide any compelling, new arguments to persuade the court to reconsider its prior order. The primary focus of the Wisconsin Agreement was to sever the existing sales relationship between PDC and Martiny. As the magistrate judge pointed out in both of her reports, there is nothing to suggest that the parties intended for commissions to be paid on products sold by parent companies. Such an expansive interpretation cannot be extracted from the Wisconsin Agreement or the circumstances surrounding its execution. Therefore, the court overrules PDC's remaining objections. To the extent PDC seeks commissions for products sold by defendants' parent companies, PDC's motion to reconsider is denied. Defendants' motion for summary judgment is granted with respect to this issue.

### II. Defendants' Objections

Magistrate Judge Lefkow found that there was an issue of fact as to whether the Wisconsin Agreement applied to the sale of every product sold by defendants or just to pacemakers and intraocular lenses. Intermedics and Ophthalmics object to this finding.

In her initial report (which was adopted by the court), the magistrate judge determined that the Wisconsin Agreement only applied to the sale of pacemakers and lenses. However, PDC subsequently submitted new evidence in support of its claim. This evidence indicates that Intermedics' subsidiaries manufactured various medical products (such as catheters and orthopedic devices), and that PDC was authorized to sell these products. The discussions concerning the newly developed products were contemporaneous with the Wisconsin Agreement. Since the Wisconsin Agree-

ment gave PDC the right to sell "all products" manufactured by defendants and their subsidiaries, the magistrate judge correctly concluded that the type of products encompassed by the Wisconsin Agreement remains in dispute. An issue of fact concerning the meaning of the terms "all products" precludes the entry of summary judgment in favor of defendants. With regard to this issue, PDC's motion to reconsider is granted and defendants' motion for summary judgment is denied.

### CONCLUSION

For the foregoing reasons, the court adopts the magistrate judge's report and recommendation in its entirety. PDC's motion to reconsider is granted in part and denied in part. Defendants' joint motion for summary judgment is also granted in part and denied in part.

IT IS SO ORDERED.